UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YUSEF ABDUL FUR'QAAN,

    Plaintiff,

v.                                      Case No. 8:08-cv-449-T-23EAJ

DEMETRIOS TZEMOPOULOS, et al.,

    Defendants.
_____/

## O R D E R

Fur'Qaan's 42 U.S.C. § 1983 complaint alleges that the defendants violated Fur'Qaan's civil rights by mistreating him while providing mental health treatment. Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the pro se complaint lacks merit.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's claims "if the allegation of poverty is untrue" or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Fur'Qaan alleges that on March 2, 2006, he "was Baker Acted" and sent to the Morton Plant Hospital psychiatric unit. A couple days later he was sent to Personal Enrichment Mental Health Services (PEMHS) where he received further mental health treatment. Fur'Qaan complains that the nurses and medical assistants conspired to "provoke him into some action" that would justify revoking Fur'Qaan's probation. Fur'Qaan was arrested after he barricaded himself behind some chairs.

Fur'Qaan fails to state a civil rights claim against the nurses and medical assistants because PEMHS is not a state agency.  The complaint must allege facts showing that a defendant acted under color of state law.  See generally Dennis v. Sparks, 449 U.S. 24 (1980).  "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'"  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982), quoting Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 156 (1978).  The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory.  Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974).  The complaint fails to state a claim against the defendants because Fur'Qaan fails to allege facts showing that the defendants acted "under color of law."

Accordingly, the civil rights complaint is **DISMISSED**.  The clerk shall enter a judgment against Fur'Qaan and close this action.

ORDERED in Tampa, Florida, on March 19, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE